# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN P JACK,

        Plaintiff,

    v.                               Case No. 12-C-1218

WORLD WRESTLING ENTERTAINMENT et al.,

        Defendant.

## SCREENING ORDER

Plaintiff Brian P. Jack, a resident of Wisconsin proceeding *pro se*, filed a largely incoherent complaint seeking damages against an entity named the World Wrestling Federation and others. Jack has also filed a motion for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may

be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is considered frivolous if there is no arguable basis for relief either in law or fact. *Neitzke*, 490 U.S. at 325.

Plaintiff has filed the required affidavit of indigence. Review of that affidavit reveals that Plaintiff is presently unemployed and has approximately $2,000 in expenses. Plaintiff also indicates that he has substantial student loan and medical debts. Based on Plaintiff's affidavit of indigence, the Court is satisfied that he meets the poverty requirements of 28 U.S.C. § 1915.

The Court now turns its attention to the substance of the complaint. Plaintiff's complaint presents a confusing hodgepodge of allegations against various defendants. To the extent they are understandable, the Court is unable to discern a federal claim or any basis for federal jurisdiction. Although some of the parties named as defendants appear to be citizens of other states, at least one is not. Absent a claim arising under federal law or complete diversity of citizenship of the parties, this Court lacks jurisdiction over the subject matter of the lawsuit. In the absence of federal jurisdiction, the Court has no choice but to dismiss the action. Accordingly, the action is dismissed for lack of federal jurisdiction.

**SO ORDERED** this __10th__ day of December, 2012.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court